Judge Owsley
delivered the opinion of the Court.
Roebuck brought an action of covenant against Tennis, and in his declaration assigned for breach: 1st, the failure of Tennis to assist him (Roebuck,) with his wagon and team in removing; 2d, the failure of Tennis to pay Roebuck twenty-five dollars.
Tennis pleaded, covenants .performed, as to the first breach; and as to the twenty-five dollars mentioned in the second breach, he pleaded that before the same was payable, and before the commencement of this suit, Roebuck was indebted to him thirty-one dollars, eight and three-fourth cents, for goods, wares, &c. &c. before that time sold and delivered to him, to-wit: for bacon, leather, &c. &e. at his special instance and request, and being so indebted to him the said Tennis, the said Roebuck, on the-day of--at &c. assumed upon himself, and in consideration thereof, then and there *83 promised said Tennis that he would well and truly pay the same, &c. and that the same remains due and unpaid, though the defendant hath often requested payment, and the said Tennis offers and pleads the same, or so much thereof as is necessary, as a set-off against the twenty-five dollars, &c.
Judgment of the circuit court for tho pica.
Set off may be pleaded in an action of covenant.
Plea of sot off shall contain the requisites of a count in, debt,
To this plea, Roebuck demurred, and the demurrer being joined by Tennis, was adjudged against Roebuck, and the plea of Tennis sustained.
That decision we think correct. Whether we consult the plain and unambiguous language of the act of this country in relation to sets off, or advert to the adjudication of the English courts upon the statute of that country, it is equally clear that there exists no legal objection to the plea on the score of the action being covenant. A set off may not be pleadable either in this country or England, unless the action be for a money demand, but if it be for money expressly ascertained, whether the action be debt, covenant or otherwise, the defendant is unquestionably at liberty, in both countries, to ¡dead a set off.
Thus by the act of this country, it is provided that “when any suit, for any debt or demand, is depending, it shall be lawful for the defendant, on trial, if the plaintiff should be indebted to him, to plead the same in discount, or byway of set off,” &c. and in England, it is said, that in general a set off is pleadable where the action is for money, either expressly ascertained, as debt, or in the form of certain damages, as covenant for rent arrear. 2 part, 1 Esp. N. 83 American Ed.
Nor do wo think there lies any legal objection to the plea on account of its containing different an-, swers to the two breaches assigned. To be good, a plea should undoubtedly answer all the plaintiffs demand that it professes to answer, but it has never-been held that the same fact must answer the entire demand. To the contrary, the practice is well settled, and that too in accordance with the most approved precedents, that the defendant may plead one matter of defence to part of the plaintiffs demand, 'and another matter of defence in the same plea, *84 to the residue of the demand. Thus in assumpsit, the general issue may be pleaded to part of the plaintiffs demand, and tender as to the residue, or a tender may be pleaded as to part and a set off as to the residue. 2 Chitty. pi. 432-3. And in the case of Taylor &c. against Weister, 1 Littell R. 355, it was held by this court, to be admissable for a defendant, against a demand for a debt, to plead payment as to part., and a set off as to the residue. The demand to be pleadable as a set off must, we know, be a subsisting debt, but it is impossible for the most superficial observer to look at the plea in this case, and not, at the first glance, perceive that the demand set up in the plea is pleaded and relied upon as a subsisting debt. The demand is set out in the plea, not as a subsisting debt only, but is stated with all the certainty and precision that would be required in a declaration; and being for a sum of money, for which either indebitatus assumpsit or debt would lie, constitutes a good set off to that part of the plaintiff’s demand to which it purports to be an answer.
Depev), for plaintiff; Brown, for defendant.
The plea was therefore properly sustained. The judgment must be affirmed with cost.